**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEX LAMDJANI, | No. 08-72891 |
| Petitioner, | Agency No. A075-731-148 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Alex Lamdjani, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Lamdjani established he qualified for an exception to the timely-filing requirement. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). Accordingly, his asylum claim fails.

Substantial evidence supports the agency's denial of Lamdjani's CAT claim because he failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Among other things, Lamdjani presented evidence of three incidents of physical harm, including a beating by four native Indonesians and another instance where native Indonesians attacked him and broke his arm. With respect to past persecution, substantial evidence does not support the agency's determination that the harms Lamdjani suffered did not rise to the level of persecution. *See Korablina v. INS*, 158 F.3d 1038, 1044-45 (9th Cir. 1998). Further, in analyzing future fear, the agency did not assess Lamdjani's claim under a disfavored group analysis. Accordingly, and in light of our intervening decisions in *Tampubolon v. Holder*,

610 F.3d 1056 (9th Cir. 2010), and *Wakkary v. Holder*, 558 F.3d 1049 (9th

Cir. 2009), we grant the petition for review with respect to Lamdjani's withholding

of removal claim, and remand for further proceedings consistent with this

disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**

08-72891